HOLLAND & KNIGHT LLP
Christopher G. Kelly (Pro Hac Vice to be filed)
Sarah G. Passeri (Pro Hac Vice to be filed)
31 West 52nd Street
New York, NY 10019
Telephone (212) 513-3200
Facsimile (212) 385-9010

HOLLAND & KNIGHT LLP
Shelley G. Hurwitz (State Bar #217566)
400 S. Hope St., 8th Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

Attorneys for Defendant CONCESIONARIA
VUELA COMPANIA DE AVIACION SAPI
DE CV

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINA KINDT, individually and on behalf of a class of similarly situated individuals,<br><br>   Plaintiff,<br><br>vs.<br><br>CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI DE CV and DOES 1 through 50, inclusive<br><br>   Defendants. | Superior Court Case No.:<br>RG17864780<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA**<br>**[28 U.S.C. §1331, 1332 & 1453]** |

TO THE HONORABLE JUDGES AND CLERK OF THE COURT:

PLEASE TAKE NOTICE that defendant CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI DE CV ("Defendant") seeks removal to the United States District Court, Northern District of California. Pursuant to 28 U.S.C.

Sections 1331, 1332, 1367, 1441, 1446 and 1453, the Court may and should take jurisdiction over this action for all purposes for the following reasons:

## I. STATEMENT OF THE CASE

1. On June 21, 2017 Plaintiff Malina Kindt ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of Alameda on behalf of herself all others similarly situated. Defendant is the only named defendant in the Complaint.

2. Defendant operates under the name "Volaris." It is a commercial airline based in Mexico City with point-to-point operations with its principal hubs in Cancun (State of Quintana Roo), Guadalajara (State of Jalisco), Mexico City (Federal District), Monterrey (State of Nuevo León) and Tijuana (State Baja California Norte). Defendant is a foreign corporation, organized and existing under the laws of Mexico. Complaint, ¶5. Its principle place of business is at Av. Antonio Dovalí Jaime No. 70, 13 Floor, Tower B, Colonia Zedec Santa Fe, United Mexican States, Mexico City, Zip Code 01210. Blankenstein Decl., ¶2, attached hereto as Exhibit A.

3. Plaintiff is a resident of the State of California. Complaint, ¶4.

4. The putative class alleged at paragraph 19 in the Complaint is defined as: "All California residents, who, while located in California at any time during the applicable limitations period preceding the filing of this Complaint and through and including the date of resolution, called one or more of Defendant's toll-free telephone numbers while one or both parties to the call were using a cellular or cordless telephone and whose calls were recorded and/or monitored by Defendant without warning or disclosure at the call outset."

5. The Complaint contains one cause of action for Unlawful Recording and/or Monitoring of Cellular and Cordless Telephone Communications (Violations of California Penal Code § 632.7).

6. Plaintiff's claims are based on Defendant's alleged recording of telephone calls with California residents. Complaint ¶ 35-46. Plaintiff contends that Defendant recorded these telephone calls without notice or consent. *Id.*

7. Plaintiff alleges that in at least May 2017, and possibly on earlier occasions, while located in California, she participated in at least one telephone call she made to one of Defendant's toll free telephone number.  She claims to have used a cellular telephone during this call(s) and to have called Defendant to purchase airline tickets for flights to and from Mexico. Complaint ¶ 33.

8. Plaintiff prays for the following monetary relief: (1) statutory damages of $5,000 per violation to Plaintiff and the members of the putative class, (2) payment of attorneys' fees pursuant to California Code Civil Procedure 1021.5, (3) pre- and post-judgment interest, and (4) costs of suit.  Plaintiff also seeks a permanent injunction enjoining Defendant from engaging in the conduct alleged in the Complaint.  Complaint, page 10.

9. As demonstrated below, this action is removable to this Court because federal diversity jurisdiction, 28 U.S.C. § 1332, exists over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United States Code including 28 U.S.C. §§ 1332(d) & 1453 and because, in the alternative, federal subject matter jurisdiction exists over this action pursuant to 28 U.S.C. § 1331.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.     This Court Has Subject Matter Jurisdiction Pursuant To CAFA

10. Congress enacted CAFA on February 18, 2005, "[t]o amend the procedures that apply to consideration of interstate class actions to assure fairer outcomes for class members and defendants." Class Action Fairness Act of 2005, Pub. L. 109-2,119 Stat. 4-14. CAFA amends the federal diversity statute, 28 U.S.C. § 1332, and "now vests original jurisdiction for class actions in federal court where there is minimal diversity and the amount in controversy exceeds $5,000,000." *Bush*

-3-
NOTICE OF REMOVAL

*v. Cheaptickets*, 425 F.3d 683, 684 (9th Cir. 2005). Removal of a putative class action to federal court is proper under CAFA when: (1) the number of putative class members exceeds 100; (2) minimal diversity exits; and (3) the amount in controversy of the combined claims of all class members exceeds $5 million, exclusive of interest and costs. See 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

### 1. Class Action

11.  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff styles the Complaint as a "Class Action," and alleges that this action is brought "on behalf of herself and the class". Complaint, ¶19.  Plaintiff alleges that this action is "properly maintained as a class action under section 382 of the California Code of Civil Procedure[.]" Complaint, ¶19.

12.  Plaintiff further seeks: "An order certifying the PC §632.7 Class and appointing Plaintiff Malina Kindt as representative of the PC §632.7 Class, and appointing counsel for Plaintiff as lead counsel for the PC §632.7 Class." Complaint, page 9. Accordingly, the allegations of the Complaint demonstrate that this action is a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B).

### 2. Numerosity

13.  The Complaint alleges that the putative class consists of "at least 75 individuals." Complaint, ¶24.  Since June 21, 2016, Volaris' customer call center (operated by a third party) has received over 1,001 telephone calls from persons located in the State of California. Blankenstein Decl., ¶11.  Plaintiff contends that Defendant maintained a "policy and practice of recording and monitoring consumer initiated telephone conversations without the consent of all parties["].  Complaint, ¶2. CAFA's requirement that the proposed class include at least 100 members is therefore satisfied. See 28 U.S.C. § 1332(d)(5)(B).

### 3. **Minimal Diversity**

14. Under 28 U.S.C. § 1332(d)(2), the diversity of citizenship requirement is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant . . or . . .any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(A) &(C).

15. Plaintiff is a citizen of the State of California. Complaint, ¶4.

16. An alien corporation has dual citizenship under § 1332(c)(1)-i.e., it is a citizen of every U.S. state or foreign state in which it is incorporated, as well as the state or foreign state in which it has its principal place of business. 28 USC § 1332(c)(1); *see Slavchev v. Royal Caribbean Cruises, Ltd.* (4th Cir. 2009) 559 F.3d 251, 254 (Liberian corporation with its principal place of business in Florida deemed citizen of both Florida and Liberia); *Danjaq, S.A. v. Pathe Communications Corp.* (9th Cir. 1992) 979 F.2d 772, 773-774; *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.* (9th Cir. 1994) 20 F.3d 987, 990; *Continental Motion Pictures v. Allstate Film Company*, 590 F. Supp. 67 (C.D. Cal. 1984)(If an alien corporation is to be deemed a citizen of its principal place of business, "principal place of business" under federal diversity statute means the corporation's principal place of business anywhere in the world, not merely in the United States); *Johnson v. Nutrex Research Inc.*, 429 F. Supp. 2d 723 (D. Md. 2006)("[T]he mere fact that GNC does business in Maryland as a foreign corporation does not make Maryland the company's principal place of business[.]"); *Lee v. Trans American Trucking Service*, 11 F. Supp. 2d 135 (E.D.N.Y. 1999)("For alien corporations, its worldwide principal place of business and not its U.S. principal place of business is controlling.")

17. Defendant is a foreign corporation organized under the laws of Mexico. Complaint, ¶5.1; Blankenstein Decl., ¶2.

18. The phrase "principal place of business" means the place where a corporation's board and high level officers direct, control and coordinate its activities.

This is often referred to as the corporation's "nerve center." *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 80-81, 92-93; *Harris v. Rand* (9th Cir. 2012) 682 F3d 846, 851. Typically, the "nerve center" is at the corporate headquarters, "provided that the headquarters is the actual center of direction, control, and coordination, … and not simply an office where the corporation holds its board meetings."); *Hertz Corp. v. Friend,* supra, 559 U.S. at 93; *Hoschar v. Appalachian Power Co*. (4th Cir. 2014) 739 F3d 163, 172 (nerve center is where company's "officers make significant corporate decisions and set corporate policy" even if different location identified on company Web site and certain corporate decisions and policies made elsewhere. Corporations are still "citizens" of the state in which they are incorporated. But they are not "citizens" of every state in which they do business, or in which they have their plants and offices. A corporation's "nerve center" is its only "principal place of business" for diversity (and removal) jurisdiction purposes).

19. Defendant's principle place of business is at Av. Antonio Dovalí Jaime No. 70, 13 Floor, Tower B, Colonia Zedec Santa Fe, United Mexican States, Mexico City, Zip Code 01210. Blankenstein Decl., ¶2.

20. All of Defendant's officers are located in Mexico. Blankenstein Decl., ¶5. Defendant's board and high level officers direct, control and coordinate its activities from its corporate headquarters in Mexico. All significant corporate decisions are made in Mexico. Corporate policy is set in Mexico. The major administrative operations for Volaris are found in Mexico. Blankenstein Decl., ¶4.

21. SEC filings by Defendant holding Company designate Av. Antonio Dovalí Jaime No. 70, 13 Floor, Tower B, Colonia Zedec Santa Fe, United Mexican States, Mexico City, Zip Code 01210 as Defendant´s principal place of business. Blankenstein Decl., ¶7.

22. The Complaint alleges that Defendant "has a principal place of business in Oakland, California." Complaint, ¶5. This is not correct. Blankenstein Decl., ¶8. This allegation appears to be based upon Defendant's Statement of Information form

filed with the California Secretary of State. Complaint, ¶9. That form requires a "Principle Executive Office" (which is noted to be in Mexico) and "Principle Business Office in California." Exh. B. The address given for the in California is "Oakland International Airport, 1 Airport Drive, Box 11, Oakland, CA 94621." Exh. B. This is the address for the mailroom at the Oakland Airport, at which all the airlines that operate out of the Oakland airport receive mail. Blankenstein Decl., ¶8. It is certainly not Defendant's "principal place of business" for diversity purposes.

23. By the plain wording of the statute, a corporation can have only one principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Defendant's principal place of business is in Mexico.

24. Because Plaintiff is a citizen of the State of California, and Defendant is a citizen of Mexico, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A) & (C).

**4.     Amount in Controversy**

25. Under 28 U.S.C. § 1332(d)(2), the amount in controversy requirement is met if the matter in controversy of the combined claims of all class members exceeds $5 million, exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2), (6). The Complaint seeks "$5,000 in statutory damages per violation, even in the absence of proof of actual damages[.]" Complaint, ¶37. The amount in controversy in this matter is more than $5 million.

26. Defendant has received over 1,001 calls since June 21, 2016 from persons using a telephone with a California area code. Blankenstein Decl., ¶11. Plaintiff contends that Defendant maintained a "policy and practice of recording and monitoring consumer initiated telephone conversations without the consent of all parties["].Complaint, ¶2. The amount in controversy thus exceeds $5 million: California Penal Code § 637.2's minimum fine of $5,000 per violation multiplied by over 1,001 putative members of plaintiff's proposed class yields an amount in controversy in excess of $5 million.

27. Thus, the amount in controversy requirement is met.

28. This action does not fall within any of the exclusions to removal jurisdiction recognized by 28 U.S.C. §§ 1332(d) and 1446.

29. No previous request has been made for the relief requested herein.

30. This court therefore has jurisdiction over this matter and it is properly removed to this court.

### B. Federal Question Jurisdiction Exists to Support Removal

31. As a separate and alternative ground for removal, federal question jurisdiction exists here as well under 28 U.S.C. § 1331 because Plaintiff's state law claim arises under and is completely preempted by federal law, namely the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b)(1). Specifically, the ADA preempts States from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier." 49 U.S.C. § 41713(b)(1). Under the ADA, state law claims having a "connection with or reference to" an airline's prices, routes, or services are preempted. *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 383-86 (1992).

32. The intent of Congress in enacting the ADA was to encourage competition and prohibit State economic regulation of air carriers. *Morales,* 504 U.S. at 378-79; *see also Rowe v. N.H. Motor Transport Ass'n*, 552 U.S. 364, 371 (2008) (ADA intended to "assure transportation rates, routes and services that reflect maximum reliance on competitive market forces").

33. This action involves the recording of a customer calls to Defendant's reservation agents. Specifically, Plaintiff alleges that she called Volaris regarding "airline tickets for flights to and from Mexico." Complaint, ¶15. Plaintiff further contends that Defendant maintained a "policy and practice of recording and monitoring consumer initiated telephone conversations without the consent of all parties[]".Complaint, ¶2.

-8-
NOTICE OF REMOVAL

34.     Plaintiff's pleading, on its face, seeks to regulate through application of California state law, the ticketing and reservation process of an airline, like Defendant.  *See, e.g., Privacy Rights Clearing House v. JetBlue Airways Corp.*, 2005 WL 3118798 (Cal. App. 4th Dist. Nov. 22, 2005) (finding "service" includes the ticketing and reservation process); *Romano v. Am. Trans Air*, 48 Cal. App. 4th 1637, 1642 (1996).  Accordingly, Plaintiff's claim falls within the scope of "rates, routes, and services," and state law claims challenging its procedures and decisions are completely preempted by federal law.

35.     Federal jurisdiction further lies here because Plaintiff's state law claims "implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312 (2005).  Under the "substantial federal question" doctrine, state law claims may give rise to federal jurisdiction when it "appears from the [complaint] that the right to relief depends up on the construction or application of [federal law]." *Id.* at 313 (quoting *Smith v. Kansas Title & Trust Co.,* 255 U.S. 180 (1921)); *see Franchise Tax Bd. v. Contr. Laborers Vacation Trust,* 463 U.S. 1, 13 (1983) (federal jurisdiction may exist where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims").

36.     Whether the California statute can dictate an airline's practice and procedure is at the heart of Plaintiff's Complaint.  This raises a substantial issue of federal law because in adopting the ADA, Congress was seeking to "ensure that the States would not undo federal regulation with regulation of their own." *Morales,* 504 U.S. at 378; *see also Brown v. Alaska Air Group, Inc.*, No. CV-11-0091-WFN, 2011 WL 2746251 (E.D. Wash. July 14, 2011) (permitting removal where ACAA regulations pervasively regulated airline's duties in providing wheelchair services).

37.     Accordingly, because Plaintiff's claims for relief "necessarily depend[] on the resolution of a substantial question of federal law,"  i.e., ADA preemption, federal jurisdiction exists.

### III. TIMELINESS

38. Defendant was served with the Complaint[1] by substitute service. Proof of Service, Exh. C. The Complaint was delivered on June 29, 2017 to an address that is the mailroom for all airlines at the Fresno Airport, and was mailed the same day to Defendant. Substitute service is not effective until 10 days after the serving party has mailed a copy of the Summons and Complaint to the served party at the place where the Complaint and Summons were left. Cal.Civ.Proc.Code § 415.20(b) ("Service of a summons in this [substitute] manner is deemed complete on the 10th day after the mailing.").

39. Thus, service was complete on July 9, 2017 (ten days later), and the deadline to remove this matter is August 8, 2017 (30 days from the date that service was completed). This matter has been removed before August 8, 2017, and thus removal is timely. *Medrano v. Genco Supply Chain Solutions*, 2011 WL 92016 (ED Cal)("[T]his substitute service was not deemed effective until August 6, 2010–10 days after mailing. If this service commenced the 30–day removal period, Genco's August 27, 2010, removal notice was filed well within 30 days from August 6, 2010.")

### IV. JOINDER OF ALL SERVED DEFENDANTS

40. Defendant is the only named defendant in this matter. Moreover, pursuant to CAFA, Defendants need not obtain the consent of any other defendant to remove this action. (28 U.S.C. § 1453(b).)

### V. STATE COURT PLEADINGS:

41. Attached hereto as Exhibit D are true and correct copies of all of the process, pleadings and orders in the State Court action.

---

[1] Defendant does not have a record of receiving the summons, although it is listed in the Proof of Service.

## VI. NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL:

42. Defendant has served a copy of this Notice of Removal on Plaintiff and will file a Notice of Filing Notice of Removal with the Clerk of the Court of Alameda.

DATED:  July 31, 2017                              HOLLAND & KNIGHT LLP


/s Shelley Hurwitz
Christopher Kelly
Sarah Passeri
Shelley Hurwitz

Attorneys for Defendant
CONCESIONARIA VUELA COMPANIA
DE AVIACION SAPI DE CV

*MALINA KINDT, individually and on behalf of a class of similarly situated individuals, vs.*
*CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI*
*DE CV and DOES 1 through 50, inclusive*

**PROOF OF SERVICE**

STATE OF CALIFORNIA         )
                            ) ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, 8th Floor, Los Angeles, CA  90071.

On **July 31, 2017,** I served the foregoing document described as  **NOTICE OF REMOVAL** on all interested parties in this action, enclosed in a sealed envelope, addressed as follows:

**Eric A. Grover**
**Rachel G. Jung**
**Keller Grover LLP**
**1965 Market Street**
**San Francisco, CA 94103**

**Scot Bernstein**
**Law Offices of Scot D. Bernstein**
**101 Parkshore Drive, Suite 100**
**Folsom, CA 95630**

**By U.S. MAIL**

Following ordinary business practices, I placed the document for collection and mailing at the offices of Holland & Knight LLP, 400 South Hope Street, 8th Floor, Los Angeles, CA  90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and, in the ordinary course of business, such correspondence is deposited with the U. S. Postal Service on the day on which it is collected at the business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 31, 2017,** at Los Angeles, California.

                 ___/s Gloria Hoshiko_____
                   Gloria Hoshiko