# EXHIBIT A

# DECLARATION OF HOLGER BLANKENSTEIN

I, Holger Blankenstein, am the Chief Commercial Officer (*Director Ejecutivo Comercial*) of defendant Concesionaria Vuela Compañia de Aviación S.A.P.I. de C.V. ("Volaris").  If called upon to testify, I could and would testify truthfully as follows:

1.  I have worked for Volaris for eight years.  I reside in Mexico and work at Volaris' corporate headquarters in Mexico City.  In my position as Chief Commercial Officer, I have access to information and data regarding the staffing, business operations, and corporate structure of Volaris.  This declaration is based upon my own personal knowledge and documents kept in the regular course of business by Volaris. With respect to the business records, the entries are made in a timely manner by people with the pertinent information. It is the regular business practice of Volaris to obtain and maintain such records.  The statements made in this Declaration are true as of the date of the filing of the Complaint on June 21, 2017 and the preceding year, and are true as of today's date.

2.  Volaris is a commercial airline with point-to-point operations based in Mexico City with its principal hubs in Cancun (State of Quintana Roo), Guadalajara (State of Jalisco), Mexico City (Federal District), Monterrey (State of Nuevo Leon) and Tijuana (State of Baja California).  Volaris is a foreign corporation, organized and existing under the laws of Mexico. Its principle place of business is at its corporate headquarters at Av. Antonio Dovalí Jaime No. 70, 13 Floor, Tower B, Colonia Zedec Santa Fe, United Mexican States, Mexico City, Zip Code 01210.

3.  Volaris does not own any real property in the State of California.  The majority of flights operated by Volaris are not within the United States.  It operates scheduled flights that connect 40 cities in Mexico and 28 cities in the United States and Central America combined.

4.  Volaris' board and high level officers direct, control and coordinate its activities from its corporate headquarters in Mexico. All significant corporate decisions are made in Mexico.  Corporate policy is set in Mexico. The major administrative operations for Volaris are found in Mexico.

5.  The leadership of Volaris is located in Mexico at Volaris' corporate headquarters.  Volaris' Chief Executive Officer (*Director General*), Chief Financial Officer (*Director Ejecutivo de Finanzas*),  Chief Commercial Officer (*Director Ejecutivo Comercial*), Chief Operating Officer (*Director Ejecutivo de Operaciones*), Chief Legal Officer (*Director Ejecutivo Jurídico*), Distribution and Market Development Director (*Director de Distribución y Desarrollo de Mercados*), Organizational Development Director (*Director de Desarrollo Organizacional*), Revenue Management and Pricing Director *Director de Precios y Administración de Ingresos*), Maintenance Director (*Director de Mantenimiento*), Retail and Customer Service Director (*Director de Servicio y Venta a Clientes*), Corporate Control and Compliance Director (*Director de Contraloría y Cumplimiento Corporativo*), Administrative Services Director (*Director de Servicios Administrativos*), Operations Planning Director (*Director de Planeación Operativa*), Institutional Relations Director (*Director de Relaciones Institucionales*), Quality Assurance & Flight Safety Director (*Director de Aseguramiento de la Calidad y Seguridad Aérea*), Financial Planning & IR Director (*Director de Planeación Financiera y Relación con Inversionistas*), Corporate Finance Director (*Director de Finanzas Corporativas*), Digital Marketing Director (*Director de Mercadotecnia Digital*), and Internal Audit Director (*Director de Auditoría Interna*) all operate out of Volaris' corporate headquarters in Mexico.

6.  Volaris capital stock is 100% owned directly by Mexican entities.

7.  The Form 6-K filed by Volaris's holding company with the United States SEC in July 2017 and Form 20-F Annual Report for fiscal year ended

DECLARATION IN SUPPORT OF NOTICE OF REMOVAL

December 31, 2016, listed Volaris principle executive offices as Av. Antonio Dovalí Jaime No. 70, 13 Floor, Tower B Colonia Zedec Santa Fe United Mexican States, Mexico City, Zip Code 01210.

8.   I understand that the Complaint filed in this matter alleges that Defendant "has a principle place of business in Oakland, California." This is incorrect. It appears to be based upon Volaris' Statement of Information form filed with the California Secretary of State, a true and correct copy of which is attached hereto as Exhibit A. That form requires a "Principle Executive Office" (which is noted to be in Mexico) and "Principle Business Office in California." The address given for the office in California is "Oakland International Airport, 1 Airport Drive, Box 11, Oakland, CA 94621." This is the address for the mailroom at the Oakland Airport, at which all the airlines that operate out of the Oakland airport receive mail.

9.   Telephone calls to Volaris' customer service line are routed to call centers in El Salvador and Guatemala. The call centers are operated by a third party.

10.  I have caused a review to be undertaken of the call center's database of incoming telephone calls made by persons with a California area code to Volaris' customer service lines, including (855) 865-2747.

11.  From June 21, 2016 to the present, Volaris received over 1,001 telephone calls to its customer service lines from persons using a telephone with a California area code.

//

//

DECLARATION IN SUPPORT OF NOTICE OF REMOVAL

1    I declare under penalty of perjury under the law of the State of California,

2    Mexico and the law of the United States that the foregoing is true and correct.

3    Executed on July 28, 2017 at México City, Mexico.

4

5

6

7    _____

8    Holger Blankenstein
9    Director Comercial
     CCO                         volaris
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT B



**F**

# State of California
## Secretary of State

### Statement of Information
(Foreign Corporation)
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1.  **CORPORATE NAME**

2.  **CALIFORNIA CORPORATE NUMBER**

This Space for Filing Use Only

**No Change Statement**  (Not applicable if agent address of record is a P.O. Box address.  See instructions.)

3.  **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.**

☐  If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 13.**

**Complete Addresses for the Following**  (Do not abbreviate the name of the city.  Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. | STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY | STATE | ZIP CODE |
| 5. | STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
| 6. | MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 4 | CITY | STATE | ZIP CODE |

**Names and Complete Addresses of the Following Officers**  (The corporation must list these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| 7. | CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
| 8. | SECRETARY | ADDRESS | CITY | STATE | ZIP CODE |
| 9. | CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California street address, a P.O. Box address is not acceptable.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 11 must be left blank.

10.  NAME OF AGENT FOR SERVICE OF PROCESS

11.  STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL**  CITY          STATE     ZIP CODE

**Type of Business**

12.  DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

13.  THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |
|---|---|---|---|

SI-350 (REV 01/2013)                                                                                    APPROVED BY SECRETARY OF STATE

# EXHIBIT C

20107226

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| RACHAEL G. JUNG | SBN: 239323<br>Keller Grover LLP<br>1965 Market Street Third Floor  San Francisco, CA 94103<br><br>TELEPHONE NO.: (415) 543-1305 | FAX NO. (415) 543-7861 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff | **FILED**<br>ALAMEDA COUNTY<br><br>JUL − 6 2017<br><br>CLERK OF THE SUPERIOR COURT<br>By *Cheryl Clark*<br>Deputy |

| Superior Court of California County of Alameda | |
|---|---|
| STREET ADDRESS: 1225 Fallon Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Oakland, CA 94612 | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER:  MALINA KINDT etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI<br>DE CV et al. | RG17864780 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>VOLARIS |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum
3. a. Party served *(specify name of party as shown on documents served)*:
   **CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI DE CV**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **ARTURO RAMON QUEZADA - AGENT FOR SERVICE**
4. Address where the party was served:  **5175 E. CLINTON WAY, BOX #22<br>FRESNO, CA 93722**
5. I served the party *(check proper box)*
   a. ☐ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*

   b. ☑ **by substituted service.**  On *(date):* 6/29/2017  at  *(time):* 9:53 AM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
   **Oscar Arevalo - Person in charge at time of attempt**

   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*  from *(city):*   **or** ☑ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | |
|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | Page 1 of 2 |
| **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/P151621** |

BY FAX



| PETITIONER: MALINA KINDT etc. | CASE NUMBER: |
|---|---|
| RESPONDENT: CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI DE CV et al. | RG17864780 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI DE CV**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                     ☐ other:

7. Person who served papers

  a. Name: **ALBERT MOLES - Specialized Legal Services, Inc.**

  b. Address: **1112 Bryant St., Suite 200  San Francisco, CA 94103**

  c. Telephone number: **(415) 357-0500**

  d. **The fee for service was: $ 155.00**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:
        (i) ☐ owner     ☐ employee     ☑ independent contractor.
        (ii) Registration No.: **63**
        (iii) County: **MADERA**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **6/29/2017**

**Specialized Legal Services, Inc.**
**1112 Bryant St., Suite 200**
**San Francisco, CA 94103**
**(415) 357-0500**
**www.specializedlegal.com/**

_____
ALBERT MOLES                ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     (SIGNATURE)

| | FOR COURT USE ONLY |
|---|---|
| *Attorney or Party without Attorney:*<br>RACHAEL G. JUNG, SBN: 239323<br>Keller Grover LLP<br>1965 Market Street Third Floor<br>San Francisco, CA 94103<br>TELEPHONE No.: (415) 543-1305    FAX No. (Optional): (415) 543-7861..    E-MAIL ADDRESS (Optional):<br><br>*Attorney for:* Plaintiff | |

| *Ref No. or File No.:*<br>VOLARIS |
|---|

*Insert name of Court, and Judicial District and Branch Court:*
Superior Court of California County of Alameda -

*Plaintiff:* MALINA KINDT etc.

*Defendant:* CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI DE CV et al.

| **PROOF OF SERVICE BY MAIL** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>RG17864780 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at SAN FRANCISCO, California, addressed as follows:

    a. Date of Mailing:          June 29, 2017

    b. Place of Mailing:       SAN FRANCISCO, CA.

    c. Addressed as follows:   CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI DE CV C/O ARTURO RAMON QUEZADA
                               5175 E. CLINTON WAY, BOX #22
                               FRESNO, CA 93722

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at SAN FRANCISCO, California in the ordinary course of  business.

Fee for Service: $ 155.00
    **Specialized Legal Services, Inc.**
    **1112 Bryant St., Suite 200**
    **San Francisco, CA 94103**
    **(415) 357-0500**
    **www.specializedlegal.com/**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **June 29, 2017.**

Signature: _____
                   **April Jimenez**

**PROOF OF SERVICE BY MAIL**

Order#: P151621/mailproof

# EXHIBIT D



20108406

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CONCESIONARIA VUELA COMPANIA DE AVIACION SAPI DE
CV; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MALINA KINDT, individually and on behalf of a class of similarly
situated individuals,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
ALAMEDA

JUN 21 2017

CLERK OF THE SUPERIOR COURT
By _____
ERICA BAKER, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse | CASE NUMBER: *(Número del Caso):* 17864780 |

Alameda County Superior Court
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric A. Grover, KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

| DATE: *(Fecha)* JUN 21 2017 | Chad Finke | Clerk, by *(Secretario)* _Ci... Baker_ | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

20108401

1   ERIC A. GROVER (SBN 136080)
    eagrover@kellergrover.com
2   RACHAEL G. JUNG (SBN 239323)
    rjung@kellergrover.com
3   **KELLER GROVER LLP**
    1965 Market Street
4   San Francisco, California  94103
    Telephone:  (415) 543-1305
5   Facsimile:  (415) 543-7861

6   SCOT BERNSTEIN (SBN 94915)
    swampadero@sbernsteinlaw.com
7   **LAW OFFICES OF SCOT D. BERNSTEIN,**
    **A PROFESSIONAL CORPORATION**
8   101 Parkshore Drive, Suite 100
    Folsom, California  95630
9   Telephone:  (916) 447-0100
    Facsimile:  (916) 933-5533

10

11  Attorneys for Plaintiff
    Malina Kindt
12

13            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14              **IN AND FOR THE COUNTY OF ALAMEDA**

15

16  MALINA KINDT, individually and on behalf )   Case No. RG 17864780
    of a class of similarly situated individuals, )
17                                              )
                    Plaintiff,                  )
18                                              )   CLASS ACTION
                                                )
19          v.                                  )
                                                )   **COMPLAINT FOR DAMAGES AND**
20  CONCESIONARIA VUELA COMPANIA          )   **INJUNCTIVE RELIEF**
    DE AVIACION SAPI DE CV; and DOES 1     )
21  through 50, inclusive,                      )
                                                )
22                  Defendants.                 )   **DEMAND FOR JURY TRIAL**
                                                )
23                                              )

24

25

26

27

28

_____
                            COMPLAINT

FILED
ALAMEDA COUNTY

JUN 2 1 2017

CLERK OF THE SUPERIOR COURT
By _____
   ERICA BAKER, Deputy

BY FAX

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1

## CLASS ACTION COMPLAINT

2   Plaintiff Malina Kindt ("Plaintiff" or "Kindt"), on behalf of herself and a class (the "PC §

3   632.7 Class") of similarly situated individuals as defined below, alleges on information and

4   belief and the investigation by counsel as follows:

5   ## INTRODUCTION

6   1.   This class action lawsuit arises out of the policy and practice of Defendant

7   Concesionaria Vuela Compania de Aviacion SAPI de CV (hereinafter "Defendant" or

8   "Volaris") to record and/or monitor,[1] without the consent of all parties, telephone calls made or

9   routed to Defendant's toll-free customer service telephone numbers (referred to collectively as

10   "Volaris toll-free telephone numbers"), including but not limited to 855-865-2747. Defendant

11   owns and operates Volaris, a foreign airline company with numerous destinations throughout

12   Mexico, the United States, and Central America. 855-865-2747 is one of Defendant's toll-free

13   telephone numbers that connect callers to Defendant's customer service call centers, including

14   connecting callers to live customer service representatives. During the relevant time period,

15   Defendant intentionally and surreptitiously recorded and/or monitored telephone calls made or

16   routed to Defendant's toll-free telephone numbers. Defendant did so without warning or

17   disclosing to inbound callers that their calls might be recorded or monitored.

18   2.   Defendant's policy and practice of recording and monitoring consumer-initiated

19   telephone conversations without the consent of all parties violate the California Invasion of

20   Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendant's policy and practice violate

21   Penal Code § 632.7, which prohibits recording or monitoring a communication made to or from

22   a cellular or cordless telephone without the consent of all parties to the communication.

23   3.   Because of Defendant's violations, all individuals who called or were routed to

24   one of Defendant's toll-free telephone numbers while they were in California and were recorded

25

26   [1] "Monitor," as used in this complaint, includes both (a) the common understanding of a person
listening in on a call and (b) "intercepting," as that term is used in the California Invasion of
27   Privacy Act ("CIPA"). Thus, "monitor" will be used in lieu of "intercept" throughout this
complaint.
28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   or monitored by Defendant surreptitiously and without disclosure are entitled to an award of

2   statutory damages and injunctive relief under Penal Code § 637.2.

3   ### PARTIES

4       4.     Plaintiff Malina Kindt is an individual and a resident of California.

5       5.     Defendant Concesionaria Vuela Compania de Aviacion SAPI de CV is a foreign

6   corporation headquartered in Santa Fe, Mexico with a principal place of business in Oakland,

7   California.   Concesionaria Vuela Compania de Aviacion SAPI de CV systematically and

8   continuously does business in California and with California residents.

9       6.     Plaintiff is ignorant of the true names and capacities of defendants sued as DOES

10  1 through 50, inclusive, and therefore sues those defendants by those fictitious names.  Plaintiff

11  will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff

12  is informed and believes and on that ground alleges that each of the fictitiously-named

13  defendants is responsible in some manner for the occurrences alleged and that Plaintiff's

14  injuries and damages, as alleged, are proximately caused by those occurrences.

15      7.     Plaintiff is informed and believes and on that ground alleges that, at all relevant

16  times, each Defendant was the principal, agent, partner, joint venturer, officer, director,

17  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

18  predecessor in interest of some or all of the other Defendants, and was engaged with some or all

19  of the other Defendants in a joint enterprise for profit, and bore such other relationships to some

20  or all of the other Defendants as to be liable for their conduct with respect to the matters alleged

21  below.  Plaintiff is informed and believes and on that ground alleges that each Defendant acted

22  pursuant to and within the scope of the relationships alleged above, and that each knew or

23  should have known about and authorized, ratified, adopted, approved, controlled, aided and

24  abetted the conduct of all Defendants.

25  ### JURISDICTION AND VENUE

26      8.     This Court has subject matter jurisdiction over this action under California Penal

27  Code §§ 632.7 and 637.2.

28  //

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                                2                    Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

9.    This Court has personal jurisdiction over the parties because Defendant continually and systematically has conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and arose out of her contact with Defendant from and within California.

10.    Venue is proper in this Court because Defendant's February 8, 2017 Statement of Information form filed with the California Secretary of State lists Oakland, California as the location of Defendant's principal business office in California.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

11.    Plaintiff is informed and believes and on that ground alleges that Volaris toll-free telephone numbers, including 855-865-2747, connect callers to Defendant's customer service representatives.

12.    Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents at the customer service call centers receive incoming calls from callers including California callers.

13.    Plaintiff is informed and believes and on that ground alleges that Defendant intentionally has used technology consisting of hardware and/or software or other equipment to carry out a policy and practice of recording and/or monitoring calls routed to Defendant's customer service representatives.

14.    Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents at the customer service call centers were and are directed, trained, and instructed to, and did and do, record and/or monitor telephone calls between the customer service representatives and callers, including California callers.

15.    In at least May 2017, and possibly on earlier occasions, Plaintiff called one of the Volaris toll-free telephone numbers from a location within the State of California using her cellular telephone. Plaintiff called 855-865-2747 and spoke with a Volaris representative regarding purchasing airline tickets for flights to and from Mexico.

16.    During Plaintiff's telephone calls to Defendant, Defendant failed to disclose to Plaintiff that her telephone conversations with Defendant were being recorded and/or monitored.

COMPLAINT                     3             Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  Plaintiff did not give and could not have given consent for the telephone calls to be recorded or

2  monitored because she was unaware that Defendant was engaged in that practice during the

3  telephone calls.

4      17.    Plaintiff is informed and believes and on that ground alleges that other callers

5  who called a Volaris toll-free telephone number and were routed to one of Defendant's customer

6  service call centers were not informed by Defendant or anyone else that their calls were being

7  recorded and/or monitored. Thus, that recording and/or monitoring necessarily occurred without

8  the callers' knowledge or consent.

9      18.    Because there was no warning that calls would be recorded or monitored,

10  Plaintiff had a reasonable expectation that her telephone conversations with Defendant's

11  employees and agents were, and would remain, private and confined to the parties on the

12  telephone. That recording and/or monitoring without her consent is highly offensive to Plaintiff

13  and would be highly offensive to a reasonable person, including members of the proposed

14  Plaintiff Class.

15                          **CLASS ACTION ALLEGATIONS**

16      19.    Plaintiff brings this action under California Code of Civil Procedure § 382 on

17  behalf of herself and the class (the "PC § 632.7 Class") defined as follows:

18          All California residents who, while located in California at any time during the

19          applicable limitations period preceding the filing of this Complaint and through and

20          including the date of resolution, called one or more of Defendant's toll-free telephone

21          numbers while one or both parties to the call were using a cellular or cordless telephone

22          and whose calls were recorded and/or monitored by Defendant without warning or

23          disclosure at the call outset.

24      20.    The PC § 632.7 Class that Plaintiff seeks to represent contains numerous

25  members and is clearly ascertainable including, without limitation, by using Defendant's

26  records and/or Defendant's telephone company's and/or other telecommunications and toll-free

27  service providers' records regarding calls to Volaris toll-free telephone numbers to determine

28  the size of the PC § 632.7 Class and to determine the identities of individual PC § 632.7 Class

COMPLAINT                        4            Case No. _____

1    members. Plaintiff reserves the right to amend or modify the PC § 632.7 Class definition and/or

2    to add subclasses or limitations to particular issues.

3        21.    By its unlawful actions, Defendant has violated Plaintiff's and the PC § 632.7

4    Class members' privacy rights under California's Invasion of Privacy Act, California Penal

5    Code §§ 630 *et seq.* The questions raised are, therefore, of common or general interest to the

6    PC § 632.7 Class members, who have a well-defined community of interest in the questions of

7    law and fact raised in this action.

8        22.    Plaintiff's claims are typical of those of the PC § 632.7 Class, as Plaintiff now

9    suffers and has suffered from the same violations of the law as other putative PC § 632.7 Class

10   members. Plaintiff has retained counsel with substantial experience in prosecuting complex

11   litigation and class actions to represent her and the PC § 632.7 Class, and Plaintiff will fairly

12   and adequately represent the interests of the PC § 632.7 Class.

13       23.    This action may properly be maintained as a class action under section 382 of the

14   California Code of Civil Procedure because there is a well-defined community of interest in the

15   litigation and the proposed PC § 632.7 Class is ascertainable.

16   **Numerosity**

17       24.    Based on information and belief, the Class consists of at least 75 individuals,

18   making joinder of individual cases impracticable.

19   **Typicality**

20       25.    Plaintiff's claims are typical of the claims of all of the other members of the PC §

21   632.7 Class. Plaintiff's claims and the PC § 632.7 Class members' claims are based on the same

22   legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff

23   and to all of the other PC § 632.7 Class members.

24   **Common Questions of Law and Fact**

25       26.    There are questions of law and fact common to the PC § 632.7 Class that

26   predominate over any questions affecting only individual PC § 632.7 Class members. Those

27   common questions of law and fact include, without limitation, the following:

28   //

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                              5                    Case No. _____

a.     Whether Defendant had a policy or practice of recording and/or monitoring inbound telephone calls made to Volaris toll-free telephone numbers;

b.     Whether Defendant had a policy or practice of not disclosing to inbound callers that their conversations with Defendant's employees or agents would be recorded and/or monitored;

c.     Whether Defendant had a policy or practice of not obtaining inbound callers' consent to record and/or monitor conversations between Defendant's employees or agents, on the one hand, and inbound callers, on the other;

d.     Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, surreptitiously and without disclosure at the call outset, telephone conversations

      i.   between inbound callers using cellular and cordless telephones within California and Defendant's employees and agents, and

     ii.   between inbound callers using landline telephones within California and Defendant's employees and agents using cellular or cordless phones; and

e.     Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.7.

**Adequacy**

27.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the PC § 632.7 Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the other PC § 632.7 Class members and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the other PC § 632.7 Class members.

//

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**Superiority**

28.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all PC § 632.7 Class members is impracticable and questions of law and fact common to the PC § 632.7 Class predominate over any questions affecting only individual members of the PC § 632.7 Class. Even if every individual PC § 632.7 Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.  Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each PC § 632.7 Class member.  Further, it will prevent the very real harm that would be suffered by numerous putative PC § 632.7 Class members who simply will be unable to enforce individual claims of this size on their own and by Defendant's competitors, who will be placed at a competitive disadvantage as their punishment for obeying the law.  Plaintiff anticipates that the Court will have no difficulty managing this case as a class action.

29.    The prosecution of separate actions by individual PC § 632.7 Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other PC § 632.7 Class members not parties to those adjudications or that would substantially impair or impede the ability of those non-party PC § 632.7 Class members to protect their interests.

30.    The prosecution of individual actions by PC § 632.7 Class members would run the risk of establishing inconsistent standards of conduct for Defendant.

31.    Defendant has acted or refused to act in respects generally applicable to the PC § 632.7 Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the PC § 632.7 Class as a whole as requested herein.  Likewise,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                                    7                    Case No. _____

1   Defendant's conduct as described above is unlawful, is capable of repetition, and will continue

2   unless restrained and enjoined by the Court.

3                           **FIRST CAUSE OF ACTION**
                    **Unlawful Recording and/or Monitoring of**
4              **Cellular and Cordless Telephone Communications**
                     **(Violation of California Penal Code § 632.7)**
5                             **Against All Defendants**

6        32.    Plaintiff incorporates each allegation set forth above as if fully set forth herein

7   and further alleges as follows.

8        33.    In at least May 2017, and possibly on earlier occasions, and while located in

9   California, Plaintiff participated in at least one telephone call that she made to one of the Volaris

10  toll-free telephone numbers, specifically 855-865-2747.  Plaintiff used a cellular telephone to

11  engage in each of her conversations with the Volaris customer service representatives.  Plaintiff

12  called Volaris to purchase airline tickets for flights to and from Mexico.

13       34.    Plaintiff is informed and believes and on that ground alleges that, at all relevant

14  times, Defendant had a policy and practice of using hardware and/or software or other

15  equipment that enabled them to surreptitiously record and/or monitor conversations with

16  Plaintiff and other PC § 632.7 Class members (a) who made calls to Volaris toll-free telephone

17  numbers on their cellular or cordless telephones or (b) who made calls to Defendant's cellular or

18  cordless telephones on their landline telephones.

19       35.    Plaintiff is informed and believes and on that ground alleges that, at all relevant

20  times, Defendant had and followed a policy and practice of intentionally and surreptitiously

21  recording and/or monitoring Plaintiff's and PC § 632.7 Class members' telephone conversations

22  with Defendant's employees and agents in which one or both parties to the call were using

23  cellular or cordless telephones.

24       36.    Plaintiff is informed and believes and on that ground alleges that Defendant had

25  and followed a policy and practice of not advising or warning inbound callers such as Plaintiff

26  or PC § 632.7 Class members at the call outset that their telephone communications with

27  Defendant's employees and agents, in which one or both parties to the call were using cellular

28  or cordless telephones, would be recorded and/or monitored.  Because Defendant did not

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                            8              Case No. _____

1   disclose to Plaintiff or PC § 632.7 Class members at the call outset that their calls were being

2   recorded and/or monitored, Defendant did not obtain, and could not have obtained, Plaintiff's or

3   PC § 632.7 Class members' express or implied advance consent to the recording or monitoring

4   of those conversations.  As a result, Plaintiff and PC § 632.7 Class members had an objectively

5   reasonable expectation that their calls were not being recorded and/or monitored.   That

6   expectation and its objective reasonableness arise, in part, from the objective offensiveness of

7   surreptitiously recording people's conversations, the absence of even a simple pre-recorded

8   message as short as four simple words – "calls may be recorded" – and the ease with which

9   such a message could have been put in place.  As the California Supreme Court has stated, "in

10  light of the circumstance that California consumers are accustomed to being informed at the

11  outset of a telephone call whenever a business entity intends to record the call, it appears

12  equally plausible that, in the absence of such an advisement, a California consumer reasonably

13  would anticipate that such a telephone call is not being recorded, particularly in view of the

14  strong privacy interest most persons have with regard to the personal financial information

15  frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th

16  95.)

17        37.     Defendant's conduct as described above violated California Penal Code §

18  632.7(a).  Under Penal Code § 637.2, Plaintiff and PC § 632.7 Class members therefore are

19  entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual

20  damages, the amount deemed proper by the California Legislature.  Plaintiff and PC § 632.7

21  Class members also are entitled to injunctive relief to enjoin further violations.

**PRAYER FOR RELIEF**

22

23        Plaintiff, on behalf of herself and members of the Class, prays for the following relief:

24        a.      An order certifying the PC § 632.7 Class and appointing Plaintiff Malina Kindt as

25                representative of the PC § 632.7 Class, and appointing counsel for Plaintiff as

26                lead counsel for the PC § 632.7 Class;

27        b.      An order declaring that the actions of Defendant, as described above, violate

28                California Penal Code § 632.7;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                              9                      .. Case No. _____

1     c.    A judgment for and award of statutory damages of $5,000 per violation to

2           Plaintiff and the members of the PC § 632.7 Class under California Penal Code

3           § 637.2;

4     d.    A permanent injunction under Penal Code § 637.2 enjoining Defendant from

5           engaging in further conduct in violation of California Penal Code § 630, et seq.;

6     e.    Payment of costs of the suit;

7     f.    Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

8     g.    An award of pre- and post-judgment interest to the extent allowed by law; and

9     h.    Such other or further relief as the Court may deem proper.

10

11

12  Dated: June 21, 2017

Respectfully submitted,

**KELLER GROVER LLP**

By:

Eric A. Grover
Attorneys for Plaintiff

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                        10           Case No. _____

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  June 21, 2017

KELLER GROVER LLP

By:

Eric A. Grover
Attorneys for Plaintiff

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                                      11              Case No. _____

KELLER GROVER LLP
Attn: Grover, Eric A.
1965 Market Street
San Francisco, CA   94103____

Concesionaria Vuela Comania De
Aviacion Sapi De Cv

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Kindt | No. RG17864780 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| | NOTICE OF HEARING |
| Concesionaria Vuela Comania De Aviacion Sapi De Cv | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/15/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
          201 13th Street, Oakland

Case Management Conference:
DATE: 09/22/2017   TIME: 09:16 AM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
          201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For

further information, go to **Direct Calendar Departments** at
**http://apps.alameda.courts.ca.gov/domainweb.**

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be
scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the
courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at
(510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by
contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled
conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request
form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  07/03/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By _____
                                                                    Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to
this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by
sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the
date stated below, in the United States mail at Alameda County, California, following standard court
practices.

          Executed on 07/04/2017.

                                      By _____
                                                                    Deputy Clerk

20108402

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover, Esq. (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, California 94103<br>TELEPHONE NO.: 415-543-1305    FAX NO.: 415-543-7861<br>ATTORNEY FOR (Name): Plaintiff Malina Kindt | **FILED**<br>**ALAMEDA COUNTY**<br>JUN 21 2017<br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Erica Bacr, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Kindt v. Concesionaria Vuela Compania de Aviacion SAPI de CV, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)  [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **RG 17864780**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 21, 2017
Eric A. Grover
_____                    ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

BY FAX

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Kindt v. Concesionaria Vuela Compania de Aviacion SAPI de CV, et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[✓] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
| | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [X] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [ ] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs   [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

202-19 (5/1/00)

A-13

20108402

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover, Esq. (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, California 94103<br>TELEPHONE NO.: 415-543-1305     FAX NO.: 415-543-7861<br>ATTORNEY FOR *(Name)*: Plaintiff Malina Kindt | ALAMEDA COUNTY<br><br>JUN 21 2017<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Erica Baker, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
**Kindt v. Concesionaria Vuela Compania de Aviacion SAPI de CV, et al.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **RG 17864780**<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: One
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 21, 2017
Eric A. Grover                                                    ▶ _____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

BY FAX

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Kindt v. Concesionaria Vuela Compania de Aviacion SAPI de CV, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[✓] Oakland, Rene C. Davidson Alameda County Courthouse  (446)

[ ]  Hayward Hall of Justice  (447)

[ ]  Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ]  34  Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ]  75  Asbestos (D) |
| | Product liability (24) | [ ]  89  Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ]  97  Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ]  33  Other PI/PD/WD tort (G) |
| Non - PI/PD / WD Tort | Bus tort / unfair bus. practice (07) | [X]  79  Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ]  80  Civil rights (G) |
| | Defamation (13) | [ ]  84  Defamation (G) |
| | Fraud (16) | [ ]  24  Fraud (G) |
| | Intellectual property (19) | [ ]  87  Intellectual property (G) |
| | Professional negligence (25) | [ ]  59  Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ]  03  Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ]  38  Wrongful termination (G) |
| | Other employment (15) | [ ]  85  Other employment (G) |
| | | [ ]  53  Labor comm award confirmation |
| | | [ ]  54  Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ]  04  Breach contract / Wrnty (G) |
| | Collections (09) | [ ]  81  Collections (G) |
| | Insurance coverage (18) | [ ]  86  Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ]  98  Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ]  18  Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ]  17  Wrongful eviction (G) |
| | Other real property (26) | [ ]  36  Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ]  94  Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ]  47  Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ]  21  Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ]  41  Asset forfeiture |
| | Petition re: arbitration award (11) | [ ]  62  Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ]  49  Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** |
| | Other judicial review (39) | [ ]  64  Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ]  77  Antitrust / Trade regulation |
| | Construction defect (10) | [ ]  82  Construction defect |
| | Claims involving mass tort (40) | [ ]  78  Claims involving mass tort |
| | Securities litigation (28) | [ ]  91  Securities litigation |
| | Toxic tort / Environmental (30) | [ ]  93  Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ]  95  Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ]  19  Enforcement of judgment |
| | | [ ]  08  Confession of judgment |
| Misc Complaint | RICO (27) | [ ]  90  RICO (G) |
| | Partnership / Corp. governance (21) | [ ]  88  Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ]  68  All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ]  06  Change of name |
| | | [ ]  69  Other petition |

202-19 (5/1/00)

A-13