UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINA KINDT,<br><br>    Plaintiff,<br><br>v.<br><br>CONCESIONARIA VUELA COMPANIA DE AVIACION S.A.P.I. DE C.V.,<br><br>    Defendant. | Case No. 17-cv-04333-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 10 |

In this putative class action for damages and injunctive relief, named plaintiff Malina Kindt ("Kindt") alleges that defendant Concesionaria Vuela Compañia de Aviación S.A.P.I. de C.V. ("Volaris"), a commercial airline company, violated California state law by recording customer calls without notice. Volaris moves to dismiss for lack of personal jurisdiction and for pre-emption by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ("ADA").

**BACKGROUND**

This case was originally filed in the Superior Court for the County of Alameda. Volaris removed on the basis of the Class Action Fairness Act, which is a special application of diversity jurisdiction. 28 U.S.C. § 1332(d); Dkt. No. 1. Kindt did not challenge the removal.

As alleged in the complaint, Volaris operates passenger airline services between the United States, Mexico and Central America. Dkt. No. 1-1 at 1. Kindt called a toll-free customer service number offered by Volaris to purchase airline tickets for travel to and from Mexico. *Id*. at 3. Kindt alleges that Volaris recorded her call without notice. She alleges a single claim under California Penal Code Sections 632.7 and 637.2, which provide a private right of action for individuals whose communications have been surreptitiously recorded. *Id*. at 8-9. She sues on behalf of a putative class of similarly situated California residents. *Id*. at 4.

**DISCUSSION**

I. **Personal Jurisdiction**

Specific personal jurisdiction over Volaris is readily found. Volaris operates regular passenger airline services and flights in and out of the Oakland and San Jose international airports, both of which are located in this district. Volaris provides toll-free numbers for customers within the district to call about its airline services. These undisputed facts amply establish specific personal jurisdiction in this Court. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-03 (9th Cir. 2004)*; Erickson v. Nebraska Mach. Co*., No. 15-CV-01147-JD, 2015 WL 4089849, at *2-*3 (N.D. Cal. July 6, 2015) (citing *Walden v. Fiore*, 571 U.S. 277 (2014)).

II. **Pre-Emption**

The question of pre-emption under the ADA is more nuanced. The ADA expressly pre-empts any state law "related to a price, route or service of an air carrier." 49 U.S.C. § 41713(b)(1). Volaris's pre-emption argument is premised mainly on the contention that "service" includes the communications between the airline and its customers that are the basis of the allegations in the complaint. *See* Dkt. No. 10-1 at 9-10.

Rather curiously, Volaris's opening brief made no mention of our circuit's discussion of the scope of "service" in *National Federation of the Blind v. United Airlines Inc*., 813 F.3d 718 (9th Cir. 2016), which is a highly relevant decision. The plaintiffs in that case were blind passengers who sued United over the ticketing kiosks it provided in airports. The kiosks allowed passengers to access travel information, check in for flights, print boarding passes and perform similar travel-related tasks. *Id*. at 723. The kiosk interfaces and prompts were all visual, which made them inaccessible to blind passengers. *Id*. United could have used audio interfaces and tactile keyboards, but did not. *Id.* The plaintiffs sued under California anti-discrimination laws for equal access accommodations.

Our circuit rejected United's claim that the kiosks were "services" within the meaning of the ADA's pre-emption clause. "'Congress used 'service' in [§ 41713(b)(1)] in the public utility sense -- *i.e.*, the provision of air transportation to and from various markets at various times,' and did not mean to broadly reach the various amenities provided by airlines" such as "'personal

2

assistance to passengers.'" *Id.* at 726 (quoting *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1261 (9th Cir. 1998) (en banc) (brackets in original)). United kiosks provided an amenity and a convenience for passengers that facilitated their travel, but not a "service" in the pubic utility sense. *Id.* Consequently, the California state law claims were not pre-empted. *Id.* at 729.

So too, here. Volaris's toll-free customer service lines offer many of the same amenities as United's kiosks. Customers use them to check on information and manage their travel plans. The toll-free lines do not affect Volaris's control of its prices, routes, flights, and other transportation services any more than the kiosks did for United. For the same reasons, then, Kindt's California Penal Code claims are not subject to pre-emption.

Volaris makes no effort to distinguish *National Federation of the Blind*. In addition to omitting the case entirely from its opening brief, it made only a passing reference to it in the reply brief, even though it was the centerpiece of Kindt's argument in opposition to pre-emption. *See* Dkt. No. 17 at 7 (reply brief). Instead, Volaris relies heavily on cases from outside the circuit that express a broader view of "service" in Section 41713(b)(1). *See* Dkt. No. 10-1 at 10-11. But our circuit has acknowledged that it has adopted a narrower construction than other courts, *Nat'l Fed'n of the Blind*, 813 F.3d at 727-28, and so those cases are of no moment here. Volaris's emphasis on *People ex rel. Harris v. Delta Air Lines, Inc.*, 247 Cal. App. 4th 884 (Cal. Ct. App. 2016), a California intermediate appellate decision, is also misplaced. That court declined to follow *National Federation of the Blind* primarily on the basis of older Supreme Court cases that *National Federation of the Blind* expressly considered and found to be no impediment to rejecting pre-emption. *Compare id.* at 901-04 & n.13, *with Nat'l Fed'n of the Blind*, 813 F.3d at 728-29. *Delta Air Lines* also relied on the same type of out-of-circuit cases that Volaris cites for a broader approach to "service" than our circuit follows. *See, e.g., Delta Air Lines, Inc.*, 247 Cal. App. 4th at 905-06.

**CONCLUSION**

Volaris's motions to dismiss are denied.

**IT IS SO ORDERED.**

Dated: September 18, 2018

JAMES DONATO
United States District Judge